# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-476V

| | | |
|---|---|---|
| TAMMY BARTON, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: May 28, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Katherine Edwards*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Tammy Barton filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she sustained a shoulder injury related to vaccine administration after receipt of an influenza vaccine on November 21, 2019, and within the time period set forth in the Table, or in the alternative, that her alleged shoulder injury was caused by the vaccine. Petition (ECF No. 1). The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated May 2, 2024 (ECF No. 51).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated May 14, 2024 (ECF No. 55) ("Mot."). This is Petitioner's sole fees and costs request.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner requests $41,466.58 in attorney's fees and costs ($33,770.70 in fees, plus $7,695.88 in costs) for the work of the attorneys and paralegals at the Muller Brazil law firm. Mot. at 1–2. Respondent reacted to the fees request on May 22, 2024. *See* Response, dated May 22, 2024 (ECF No. 56) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of $41,466.58.

I.   **Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| **Maximillian J. Muller (Attorney)** | $350.00 | $375.00 | $400.00 | $425.00 | $450.00 |
| **Stacie Bole (Paralegal)** | $125.00 | $125.00 | -- | -- | -- |

| **Stacey Bowman (Paralegal)** | $125.00 | -- | -- | -- | -- |
|---|---|---|---|---|---|
| **Megan McNicholas (Paralegal)** | $125.00 | $125.00 | -- | -- | -- |
| **Erik Pavlacsek (Paralegal)** | -- | $125.00 | $125.00 | $140.00 | $140.00 |
| **Tereza Pavlacsek (Paralegal)** | -- | $160.00 | $160.00 | $177.00 | $177.00 |
| **Olivia Schupp (Paralegal)** | $125.00 | -- | -- | -- | -- |
| **Katy Yoos (RN/Paralegal)** | $165.00 | -- | -- | -- | $165.00 |

Mot. 5–15.

Mr. Muller and his colleagues practice in Dresher, Pennsylvania—a jurisdiction that has been deemed "in forum," and thus entitling them to rates commensurate with what was established in *McCulloch*. *See Le v. Sec'y of Health & Hum. Servs.*, No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023). The rates requested are also consistent with what has previously been awarded to these attorneys, in accordance with the Office of Special Masters' fee schedule and recent decisions.[3] *See Portee v. Sec'y of Health & Hum. Servs.*, No. 22-691V, 2024 WL 2076742 (Fed. Cl. Spec. Mstr. Apr. 8, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

**II.    Calculation of Attorney's Costs**

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited May 28, 2024).

3

Petitioner seeks $7,695.88 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, Todd Michener, M.D. Mot. at 17. Dr. Michener prepared two written reports in this case and submitted an invoice reflecting a total amount of $6,250.00 charged to the matter (11.5 hours of work billed at $500.00 per hour). *Id.* at 25. This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested litigation-related costs in this matter shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$41,466.58**, reflecting $33,770.70 in attorney's fees and $7,695.88 in costs, in the form of a check made jointly payable to Petitioner and her counsel, Maximillian J. Muller.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.